## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

RANDY T. MAYO
ADC #134578                                                                                              PLAINTIFF

V.                                       2:09CV00066 BSM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

>   United States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## I. Introduction

Defendants have filed a Motion to Dismiss and a Supporting Brief. *See* docket entries #17 and #18. Plaintiff has filed a Response. *See* docket entry #21. For the following reasons, the Court recommends that the Motion be granted, and that this case be dismissed, with prejudice.[1]

## II. Discussion

---

[1] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient. *Twombly*, 127 S.Ct. at 1964-66 (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Plaintiff is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that ADC Administrative Directive 04-09 ("tobacco policy"), which prohibits the use of tobacco products within any ADC facility, violates his First Amendment right to free exercise his unique Christian beliefs. *See* docket entry #2. Specifically, Plaintiff contends that the tobacco policy violates his "God given right to use what God gives to man to use." *See* docket entry #21 at 3.

Plaintiff does *not* allege that he was disciplined for using tobacco products or that tobacco products were seized from him. *See* docket entry #2. More importantly, he *concedes* that he does not personally use tobacco products and has no desire to do so. *See* docket entry #21 at 3. Instead, Plaintiff explains that he is challenging the constitutionality of the tobacco policy on behalf of other ADC prisoners who have been punished for possessing tobacco products. *Id.*

As with any claim filed in federal court, a prisoner seeking relief under § 1983 must satisfy basic constitutional standing requirements.[2] *Johnson v. State of Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998); *Smith v Arkansas Dept. of Corr.*, 103 F.3d 637, 643 (8th Cir. 1996). To establish standing, a prisoner must demonstrate that he personally suffered an injury in fact that is fairly traceable to the defendant's conduct. *Roubideaux v. North Dakota Dept. of Corr. & Rehab.*, 570 F.3d 966. 972 (8th 2009); *Johnson*, 142 F.3d at 1088. Further, a prisoner does not have standing to bring a claim on behalf of other prisoners, unless he or she has standing to bring the claim in his or

---

[2] Defendants did not raise the issue of standing in their Motion to Dismiss. *See* docket entries #17 and #18. However, it is well settled that a court can address that issue *sua sponte*. *See Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1119 (8th Cir. 2007) (explaining that federal courts are "obliged to examine the standing issue *sua sponte*" because standing is "an essential and unchanging part of the case-or-controversy requirement of Article III") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992) and *Adarand Const., Inc. v. Mineta*, 534 U.S. 103, 109 (2001)).

her own name. *Sabers v. Delano*, 100 F.3d 82, 83 (8th Cir. 1996); *Hamm v. Groose,* 15 F.3d 110, 112 (8th Cir. 1994).

As previously mentioned, Plaintiff concedes that he has not been personally injured, in any way, by the tobacco policy. Thus, he has no standing to challenge its constitutionality.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Dismiss (docket entry #17) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE, because Plaintiff has failed to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike" as defined by 28 U.S.C. § 1915(g).[3]

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 21st day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."